FILED

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE O'CONNOR,<br><br>           Plaintiff - Appellant,<br><br>  v.<br><br>BANKUNITED, a federally Chartered saving Bank, as successor in interest to BankUnited, FSB; NATIONAL DEFAULT SERVICING CORPORATION,<br><br>           Defendants - Appellees. | No. 12-16795<br><br>D.C. No. 3:11-cv-00915-LRH-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Stephanie O'Connor appeals pro se from the district court's judgment

dismissing her diversity action arising from foreclosure proceedings. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the existence of subject matter jurisdiction.  *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002).  We affirm.

The district court had subject matter jurisdiction because, contrary to O'Connor's contention, the amount in controversy was satisfied.  *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam) (in an action seeking injunctive relief, the "amount in controversy is measured by the value of the object of the litigation" (citation and internal quotation marks omitted)).

O'Connor does not challenge the district court's dismissal for failure to prosecute.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").  We do not consider O'Connor's challenges to the district court's interlocutory orders.  *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (after dismissal for failure to prosecute, interlocutory orders are not appealable regardless of whether the failure to prosecute was purposeful).  We also do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellees' request for attorney's fees, set forth in their answering brief, is denied.

**AFFIRMED.**